# U.S. Bankruptcy Court
## Central District of Illinois (Springfield)
### Bankruptcy Petition #: 09−71353

*Assigned to:* Judge Mary P. Gorman
Chapter 13
Voluntary
Asset

*Date filed:*  05/05/2009
*Date reopened:*  10/30/2012
*341 meeting:*  06/18/2009

*Debtor disposition:*  Dismissed for Other Reason

| | |
|---|---|
| **Debtor**<br>**Anthony James Grason**<br>357 W. Decatur St.<br>Decatur, IL 62522<br>MACON−IL<br>SSN / ITIN: xxx−xx−7387 | represented by **Richard W Hopp**<br>POB 2437<br>Decatur, IL 62524<br>217−875−5686<br>Email: RHopp@hopp.us.com<br>*TERMINATED: 03/28/2013* |

**Trustee**
**John H Germeraad**
P.O. Box 257
Petersburg, IL 62675
217−632−4346
*TERMINATED: 10/30/2012*

**U.S. Trustee**
**U.S. Trustee**
Office Of Nancy J. Gargula U.S. Trustee
401 Main St #1100
Peoria, IL 61602
309−671−7854

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 10/11/2012 | | 29 | Motion to Reopen Chapter 13 Case (Fee) Fee Amount $235 Filed by Gordon W Gates on behalf of Karl Meurlot (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# 11 Exhibit K) (Gates, Gordon) (Entered: 10/11/2012) |
| 10/11/2012 | | 30 | Motion for Relief from Stay (Fee) Filed by Gordon W Gates on behalf of Karl Meurlot (Attachments: # 1 Exhibit 1 PART 1# 2 Exhibit 1 PART 2# 3 Exhibit 2) (Gates, Gordon) (Entered: 10/11/2012) |
| 10/31/2012 | | 43 | Amended Motion or Application (related document(s): 30 Motion for Relief from Stay (Fee) filed by Interested Party Karl Meurlot) Filed by Gordon W Gates on behalf of Karl Meurlot (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E) (Gates, Gordon) (Entered: 10/31/2012) |

| | | | |
|---|---|---|---|
| 11/01/2012 | | 46 | Amended Objection to(related document(s): 26 Motion to Reconsider *and Reopen Case* filed by Interested Party Karl Meurlot, 30 Motion for Relief from Stay (Fee) filed by Interested Party Karl Meurlot) Filed by Anthony James Grason Anthony James Grason (Attachments: # 1 Exhibit Order on appeal dated 04/11/2011# 2 Exhibit Order dated 09/19/2012)(court, lcro) (Entered: 11/01/2012) |
| 11/07/2012 | | 54 | Response to (related document(s): 30 Motion for Relief from Stay (Fee) filed by Interested Party Karl Meurlot, 43 Amended Motion or Application (related document(s): 30 Motion for Relief from Stay (Fee) filed by Interested Party Karl Meurlot) filed by Interested Party Karl Meurlot) Filed by Anthony James Grason (court, jfox) (Entered: 11/07/2012) |
| 11/14/2012 | | 59 | Order Withdrawing Motion To Reconsider (Related Doc # 26) (court, jfox) (Entered: 11/14/2012) |
| 02/01/2013 | | 61 | Opinion (RE: related document(s)30 Motion for Relief From Stay (Fee) filed by Interested Party Karl Meurlot). (court, emcc) (Entered: 02/01/2013) |
| 02/01/2013 | | 62 | Order Denying Motion For Relief From Stay (Related Doc # 30) (court, emcc) (Entered: 02/01/2013) |
| 02/14/2013 | | 67 | Motion to Extend Time to Appeal Under Rule 8002(c) Filed by Gordon W Gates on behalf of Karl Meurlot (Gates, Gordon) (Entered: 02/14/2013) |
| 02/19/2013 | | 70 | Objection to(related document(s): 67 Motion to Extend Time to Appeal Under Rule 8002(c) filed by Interested Party Karl Meurlot) Filed by Anthony James Grason (court, jfox) (Entered: 02/19/2013) |
| 03/06/2013 | | 72 | Order Granting Motion to Extend Time to Appeal Under Rule 8002(c) (Related Doc # 67) (court, jfox) (Entered: 03/06/2013) |
| 03/19/2013 | | 74 | Notice of Appeal to District Court . Fee Amount $298 Filed by Gordon W Gates on behalf of Karl Meurlot (RE: related document(s)72 Order on Motion to Extend Time To Appeal Under Rule 8002(c)). Appellant Designation due by 04/2/2013. (Gates, Gordon) (Entered: 03/19/2013) |
| 04/02/2013 | | 91 | Statement of Issues on Appeal, Filed by Gordon W Gates on behalf of Karl Meurlot (RE: related document(s)74 Notice of Appeal (Fee)). (Gates, Gordon) (Entered: 04/02/2013) |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

|                           |   |                      |
|---------------------------|---|----------------------|
| IN RE:                    | ) |                      |
|                           | ) |                      |
| ANTHONY JAMES GRASON,     | ) | **Chapter 13**       |
|                           | ) | **Bankruptcy No. 09-71353** |
| Debtor.                   | ) |                      |
|                           | ) |                      |

### MOTION TO RECONSIDER DISMISSAL AND REOPEN CASE

*NOW COMES*, Karl Meurlot, by and through his attorneys, Gates, Wise & Schlosser,

P.C., and requests this Honorable Court set aside the Order that it entered on May 21, 2009,

and in support thereof, Movant states as follows:

1.     Movant, Karl Meurlot ("Meurlot") brings this Motion as the successful bidder

at a foreclosure sale of 4202 West Route 36, Decatur, Illinois, which was owned by Debtor,

Anthony Grason ("Grason").  The foreclosure complaint was brought against Grason by

HSBC Bank USA, N.A., acting as Trustee on behalf of Ace Securities Corporation, Home

Equity Loan Trust and of the Registered Holders of Ace Securities Corporation's Home

Equity Loan Trust ("HSBC"), in Macon County, case number 2008-CH-121 (copy of court

docket attached as Exhibit A).

2.     Grason engaged in a pattern of filing bankruptcy petitions in this Court to

unduly disrupt the progression of the foreclosure of the Property.  Grason began by filing

Case No. 08-71631 with this Court on July 8, 2008, less than a month after judgment of

foreclosure was entered in the Macon County foreclosure case. See Exhibit A.  On August

22, 2008, the Chapter 13 Trustee, John Germeraad, filed a motion to dismiss Grason's

bankruptcy petition for numerous causes, including his failure to provide income tax returns

and failure to show up at a scheduled creditors meeting.  (See attached <u>Exhibit B</u>). On

October 17, 2008, the Trustee filed a second motion to dismiss Grason's petition; the motion

was accompanied by several pages noting Grason's failure to cooperate with the Trustee and

instances casting doubt on Grason's veracity and credibility. (See attached <u>Exhibit C</u>). The

Trustee concluded that Grason's actions pertaining to the bankruptcy showed lack of good

faith. The Trustee filed a third motion to dismiss on November 11, 2008, in which he

highlighted Grason's failure to provide the Trustee with required tax documents.  (See

attached <u>Exhibit D</u>).

    3.    On December 8, 2008, the Bankruptcy Court dismissed Grason's bankruptcy

petition. This  Court found that Grason failed to turn over certain records to the Trustee, and

that Grason "did not demonstrate that the failure to do so was due to circumstances beyond

his control."(See attached <u>Exhibit E</u>). However, prior to the dismissal, the Court granted

HSBC Bank's motion to modify the automatic stay, so as to allow HSBC to proceed with the

foreclosure. (Order attached as <u>Exhibit F</u>).

    4.    After this Court dismissed Grason's 2008 petition, the foreclosure proceedings

moved forward, notwithstanding several motions to continue filed by Grason. <u>See</u> <u>Exhibit</u>

<u>A</u>. A judicial sale was held on the morning of May 5, 2009. <u>Id.</u> Meurlot was the successful

bidder. <u>Id.</u>

5.      However, unknown to those present at the May 5, 2009 judicial sale, Grason
had filed a second bankruptcy petition with this Court, which initiated the instant case, 09-
71353, that very morning. (Court docket attached as <u>Exhibit G</u>). The sale likely occurred
approximately 30 minutes after the filing of the petition, though this fact has not been
definitively adjudicated. Grason has admitted in a subsequent filing that his purpose in filing
the bankruptcy was to prevent the foreclosure sale.

6.      Grason's petition in case 09-71353 is attached as <u>Exhibit H</u>. In that petition,
Grason did not list his previous bankruptcy in a question asking for prior filings; instead, a
partially obscured "NONE" appears as a response to that question <u>Id.</u>  Grason failed to
provide schedules, statements of income, a Chapter 13 plan, and other required documents
in the petition. (Order and Deficiency Notice attached as <u>Exhibit</u> I). He also failed to provide
those documents in the time allowed. <u>See</u> <u>Exhibit</u> G. Sixteen days later, on May 21, 2009,
the Bankruptcy Court dismissed Grason's petition for failure to provide a certificate of credit
counseling. <u>Id.</u>  The Court denied Grason's subsequent motion to reopen the petition. <u>Id.</u>
While Grason's bankruptcy filing was apparently prompted by the foreclosure sale, the
record does not indicate that Grason made any effort to bring the sale to this Court's
attention. <u>Id.</u>

7.      On June 30, 2009, the Circuit Court of Macon County entered an order
approving the May 5, 2009 sale.  A Sheriff's Deed was issued on July 2, 2009 and recorded
on July 7, 2009. On July 2, 2009, Grason filed a motion to vacate the order approving the

sale. On July 13, 2009, a day before the hearing on his motion, Grason filed a third

bankruptcy petition with this Court, initiating case 09-72064. (Docket attached as Exhibit J).

This Court dismissed the third petition the very next day for failure to file a certificate or

request for waiver. Id.  While the Court later reinstated the case, it dismissed the case again

on September 23, 2009, at the behest of the Trustee, for Grason's failure to make plan

payments. Id. Grason again apparently failed to bring the judicial sale to the Bankruptcy

Court's attention. Id.

8.      On October 9, 2009, HSBC restarted the foreclosure proceedings in the state

court through a motion to have the state court rule on Grason's objections. On December 29,

2009, after hearing argument, the state court denied all of Grason's objections to the sale.

Grason filed a *pro se* appeal on January 27, 2010. The Fourth District Appellate Court

remanded with instructions.

9.      On remand, the state court heard argument as to the validity of the sale on June

24, 2011. Grason sought to continue the hearing so that he could obtain counsel; the state

court denied the motion. Grason's motion to substitute judge was denied as well. The state

court found that it was not possible to make a complete or "unimpeachable" determination

as to the time of the sale. However, based on its review of Grason's bankruptcy filings, the

trial court found that Grason's first bankruptcy petition was dismissed due to willful conduct,

and, therefore, Grason was not eligible to be a "debtor" under 11  U.S.C. § 109(g)(1) when

he filed his May 5, 2009 bankruptcy petition. As a result, the state court held that the judicial

sale was not affected by the 09-71353 petition. Based on that determination, the trial court upheld the sale of the property. Grason appealed the matter again.

10.    On September 19, 2012, the Fourth District Appellate Court issued a unpublished order that reversed the trial court and remanded the case with directions. (Order attached as Exhibit K). In that order, the Appellate Court noted concern with the state court's determination that Grason was ineligible to file the May 5, 2009 petition. It also noted that Grason "may well be 'working' the system." Id. at 20. Accordingly, it suggested that "the best course" of action would be "for HSBC and/or Meurlot to obtain a definitive ruling" from the Bankruptcy Court on whether Grason's May 5, 2009 petition invalidated the sale. Id. at 20–21.

11.    In addition to this Motion, Meurlot will concurrently file a Motion for Relief from Stay that pertains to the May 5, 2009 petition. Meurlot requests that the Court reconsider the Order of dismissal that it entered in the instant matter, case 09-71353, on May 19, 2009, so that it may hear Meurlot's Motion for Relief from Stay.

12.    Meurlot brings this Motion under Rule 60 of the Federal Rules of Civil Procedure, which allows for an avenue of relief from final orders from this Court on such grounds as are just. Fed. R. Civ. P. 60(b)(6) (West 2012).

13.    Sufficient justification is present to allow the reconsideration of the dismissal for the limited purpose of hearing the Motion to Ratify. Meurlot, the state court, and HSBC were not aware that Grason filed a petition the morning of May 5, 2009. Grason's May 5,

2009 petition was cursory. Grason's petition omitted the fact that Grason had filed a previous bankruptcy, and that the prior bankruptcy case had been by this Court within 180 days prior to the 09-71353 petition.  The 09-71353 petition was quickly dismissed by this Court. This Court was never made aware of the May 5, 2009 foreclosure sale, either through case 09-71353, or through the third petition that Grason filed just months afterwards, 09-72064. As the May 5, 2009 petition was quickly dismissed by this Court, Meurlot worked to efficiently resolve the matter through the active forum that was currently determining the matter; namely, the state court. The Appellate Court has now directed Meurlot to seek relief from this Court.

14.     As a result of the judicial sale, a deed was issued to the property. Over the more than 3 years since the deed was issued, considerable sums have been expended to improve the property. Grason's body of work is indicative of bad faith bankruptcy filings designed to delay and hinder the rightful disposition of the property at considerable cost to all litigants and the state and federal courts. Grason has demonstrated that he will continue to do so unabated. Meurlot will provide sufficient reason for this Court to annul any automatic stay invoked by the May 5, 2009 filing. A final determination by this Court to that end will hopefully put an end to the matter.

**WHEREFORE**, Movant, Karl Meurlot, prays that this Court reconsider its May 19, 2009 Order dismissing Case 09-71353 so that the case may be reopened to allow Movant to present his Motion to Ratify the Foreclosure Sale of May 5, 2009.

Respectfully submitted,

KARL MEURLOT, Movant

By:     /s/ Gordon W. Gates
One of His Attorneys


Gordon W. Gates (#6192861)
Chad M. Skarpiak (#6304021)
*GATES, WISE & SCHLOSSER, P.C.*
1231 South Eighth Street
Springfield, IL 62703
*Telephone: (217) 522-9010*
*Facsimile: (217) 522-9020*

## PROOF OF SERVICE

I hereby certify that on the 10th day of October, 2012, I electronically filed through CM/ECF the foregoing motion with the Clerk of the United States Bankruptcy Court for the Central District of Illinois in Springfield, which will send automatic notice to the following:

Richard W Hopp:                  Rhopp@hopp.us.com

John H Germeraad, Trustee:       lindsy_mcanally@germeraad13trustee.com
                                 ecfmail@germeraad13trustee.com
                                 tmshafter91@yahoo.com

U.S. Trustee:                    USTPRegion10.PE.ECF@usdoj.gov

and the original filed with the Clerk of Court in which this cause is pending.


                                 /s/ Theresa A. Clancy
                                 Legal Secretary


Gordon W. Gates (#6192861)
Chad M. Skarpiak (#6304021)
*GATES, WISE & SCHLOSSER, P.C.*
1231 South Eighth Street
Springfield, IL 62703
*Telephone: (217) 522-9010*
*Facsimile: (217) 522-9020*


Page 8 of 8

New Search      Go Back      Close Window

Record Sheet

**Specific Case Information**

You may select additional case information for this specific case by selecting from one of the 5 tabs shown below.

**CASE #:** 2008 CH 000121
**LITIGANT NAME:** MEURLOT, KARL
**CLOSED DATE:**

Bottom

| RECORD SHEET | CIVIL DISPOSITION | CRIMINAL DISPOSITION | COURT DATES | PAYMENT SUMMARY |
|---|---|---|---|---|

| DATE | REMARKS |
|---|---|
| 03/27/08 | **Complaint filed on 3/27/2008 |
| 03/27/08 | -------------------------------------------------- |
| 03/27/08 | Affidavit as to Unknown Owners and Non-Record Claimants filed. (cc) |
| 03/27/08 | -------------------------------------------------- |
| 04/07/08 | Answer of United States of America with Certificate of Service filed. |
| 04/07/08 | (cc) |
| 04/07/08 | -------------------------------------------------- |
| 04/09/08 | Re: United States of America |
| 04/09/08 | Summons filed with Proof of Service. Date served 3/28/08 . (cc) |
| 04/09/08 | -------------------------------------------------- |
| 04/09/08 | Re: Anthony Grason |
| 04/09/08 | Summons filed with no service. (cc) |
| 04/09/08 | -------------------------------------------------- |
| 04/09/08 | Re: Anthony Grason |
| 04/09/08 | Summons filed with Proof of Service. Date served 3/27/08 . (cc) |
| 04/09/08 | -------------------------------------------------- |
| 04/09/08 | Re: Anthony Grason |
| 04/09/08 | Summons filed with no service. (cc) |
| 04/09/08 | -------------------------------------------------- |
| 04/09/08 | Re: United States of America |
| 04/09/08 | Summons filed with Proof of Service. Date served 3/28/08 . (cc) |
| 04/09/08 | -------------------------------------------------- |
| 04/30/08 | Appearance with Certificate of Mailing filed. (cc) |
| 04/30/08 | -------------------------------------------------- |
| 05/05/08 | Phone communications from the office of Mr. Johnson. On motion, |
| 05/05/08 | cause allotted for hearing on judgment of foreclosure June 17, |
| 05/05/08 | 2008, 9:30 a.m., courtroom 6B. Mr. Scott to notify. |
| 05/05/08 | -------------------------------------------------- |
| 05/19/08 | Motion to Transfer Cause to Cook County, Illinois filed. (cc) |
| 05/19/08 | -------------------------------------------------- |
| 06/06/08 | Motion, Affidavit, Response to Motion to Transfer Venue, Certificate, |
| 06/06/08 | Notion of Motion, Motion, Motion for Default, Motion for Summary |
| 06/06/08 | Judgment, Motion for Judgment filed. (cc) |
| 06/06/08 | -------------------------------------------------- |
| 06/17/08 | Plaintiff present by counsel Mr. James Johnson. |
| 06/17/08 | Cause called for hearing on complaint. |
| 06/17/08 | Summons on file with proof of service. Notice of Motion on file. |
| 06/17/08 | Certificate of Publication on file. |
| 06/17/08 | No_appearance by the defendant(s). No responsive pleadings on file. |
| 06/17/08 | Motion for Default, motion GRANTED. |

EXHIBIT
Page _____ of _____

Case 09-71353-1S-cv-03122-RM   #10/11/12   Filed 04/29/13  Entered 10/11/12 10:21:42   Desc Exhibit
A    Page 2 of 8

| | |
|---|---|
| 06/17/08 | Defendant(s) is defaulted and the complaint is |
| 06/17/08 | taken as confessed against defendant(s). See written Order on file. |
| 06/17/08 | Motion to Dismiss Unknown Owners, Non Record Claimants and Unknown |
| 06/17/08 | Tenants. Motion GRANTED. See written Order on file. |
| 06/17/08 | Motion to correct scriveners error on file. Motion allowed. |
| 06/17/08 | Written Order on file. |
| 06/17/08 | Motion for Summary Judgment on file. Motion allowed. Summary |
| 06/17/08 | Judgment entered favor of the Plaintiff and against the United States |
| 06/17/08 | of_America. Written Order on file. |
| 06/17/08 | On_the Motion to Transfer Venue; no appearance by Defendant or counsel |
| 06/17/08 | Motion is DENIED. Written Order on file. |
| 06/17/08 | Affidavit as to Military Service on file. |
| 06/17/08 | Affidavit of Mortgagee on file. |
| 06/17/08 | Affidavit as to Attorney Fees on file. |
| 06/17/08 | Affidavit of Claim on file. |
| 06/17/08 | Affidavit of Lost Original Documents on file. |
| 06/17/08 | Prayer of complaint is ALLOWED. See written Judgment of |
| 06/17/08 | Foreclosure and Sale on file. |
| 06/17/08 | Cause continued for Sheriff's sale. |
| 06/17/08 | ------------------------------------------------------------------------ |
| 07/02/08 | Phone communications from the office of Mr. Reese. On motion, |
| 07/02/08 | cause allotted for Sheriff's sale and confirmation hearing |
| 07/02/08 | Sept. 30, 2008, 8:30 a.m. and 9:00 a.m., courtroom 6B. Mr. Reese |
| 07/02/08 | to_notify. |
| 07/02/08 | ------------------------------------------------------------------------ |
| 07/17/08 | Notice of Bankruptcy Filing with Proof of Service filed. (cc) |
| 07/17/08 | ------------------------------------------------------------------------ |
| 09/30/08 | Plaintiff present by Mr. Reese. On motion of Plaintiff cause |
| 09/30/08 | continued to further order. |
| 09/30/08 | ------------------------------------------------------------------------ |
| 02/19/09 | Notice of Sheriff's Sale, Proof of Mailing Notice of Sale filed. (cc) |
| 02/19/09 | ------------------------------------------------------------------------ |
| 02/26/09 | Phone communications from the office of Mr. Berlin. On motion, |
| 02/26/09 | cause allotted for Sheriff's sale and confirmation hearing |
| 02/26/09 | Mar. 3, 2009, 8:30 a.m., courtroom 6B and 9:00 a.m., courtroom 6B. |
| 02/26/09 | Mr. Berlin to give notice. |
| 02/26/09 | ------------------------------------------------------------------------ |
| 03/03/09 | Additional Appearance filed. (cc) |
| 03/03/09 | ------------------------------------------------------------------------ |
| 03/03/09 | Attorney Jim Johnson present for the Plaintiff. |
| 03/03/09 | Attorney Harris present for the Defendant. |
| 03/03/09 | Motion by the defendant to continue sheriff's sale; objection by |
| 03/03/09 | the Plaintiff. Motion GRANTED. |
| 03/03/09 | Continuance date announced in open Court by sheriff. |
| 03/03/09 | Sale set for 4/14/2009 at 08:30 in courtroom 6B. |
| 03/03/09 | Confirmation set for 4/14/2009 at 9:00 in courtroom 6B. |
| 03/03/09 | ------------------------------------------------------------------------ |
| 04/14/09 | Plaintiff present by counsel. Mr. Reese. |
| 04/14/09 | No_appearance by any interested parties. |
| 04/14/09 | Motion by the plaintiff to continue sheriff's sale. |
| 04/14/09 | Motion GRANTED. |

EXHIBIT
Page 2 of 8

| 04/14/09 | Continuance date announced in open Court by sheriff. |
| 04/14/09 | Sale set for 5/05/2009 at 08:30 in courtroom 6B. |
| 04/14/09 | Confirmation set for 5/05/2009 at 08:30 in courtroom 6B. |
| 04/14/09 | ---------------------------------------------------------------------- |
| 04/30/09 | Motion for Order Approving Report of Sale and Distribution and Order |
| 04/30/09 | of_Possession filed. (cc) |
| 04/30/09 | ---------------------------------------------------------------------- |
| 04/30/09 | Notice of Motion with Proof of Service by Mail filed. (cc) |
| 04/30/09 | ---------------------------------------------------------------------- |
| 05/04/09 | Notice of Emergency Motion filed, Emergency Motion for 30 Day Stay of |
| 05/04/09 | Foreclosure/Sheriff Sale filed. (cc) |
| 05/04/09 | ---------------------------------------------------------------------- |
| 05/05/09 | Plaintiff present by Mr. Reese. Mr. Berlin present for Anthony |
| 05/05/09 | Grason. Cause called for hearing on Emergency Motion. Arguments |
| 05/05/09 | heard. Emergency Motion is DENIED. Sheriff to conduct sale. |
| 05/05/09 | ---------------------------------------------------------------------- |
| 05/05/09 | Plaintiff present by counsel Mr. Reese. |
| 05/05/09 | Defendant Grason present by counsel Mr. Berlin. |
| 05/05/09 | Objection by Defendant. |
| 05/05/09 | Sale held this date. Certificate of Publication on file. |
| 05/05/09 | On_motion of the Plaintiff, cause continued for confirmation of sale. |
| 05/05/09 | Motion/confrm sale set for 5/26/2009 at 09:00 in courtroom 6B. |
| 05/05/09 | ---------------------------------------------------------------------- |
| 05/05/09 | Sheriff's Report of Sale and Distribution on file. |
| 05/05/09 | ---------------------------------------------------------------------- |
| 05/22/09 | Entry of Appearance filed. (cc) |
| 05/22/09 | ---------------------------------------------------------------------- |
| 05/26/09 | Plaintiff present by Mr. Reese. Third Party Bidder, |
| 05/26/09 | Karl Muerlott present. No appearance by Defendant. |
| 05/26/09 | Finding by the Court based on representation of counsel present |
| 05/26/09 | that the Defendant may be in bankruptcy. On the Court's own |
| 05/26/09 | motion allotment this date vacated. Mr. Reese to send notice. |
| 05/26/09 | Status hearing set for 6/30/2009 at 09:00 in courtroom 6B. |
| 05/26/09 | ---------------------------------------------------------------------- |
| 05/26/09 | Objection to Defendant's Objection to Confirmation of Sale and Motion |
| 05/26/09 | to_Vacate Judicial Sale filed. (cc) |
| 05/26/09 | ---------------------------------------------------------------------- |
| 06/03/09 | Second Objection to Defendant's Objection to Confirmation of Sale and |
| 06/03/09 | Motion toVacate Judgicial Sale filed. (cc) |
| 06/03/09 | ---------------------------------------------------------------------- |
| 06/22/09 | Phone communication from Plaintiff's counsel. |
| 06/22/09 | On_motion, allottment of 6/30/09 is VACATED. |
| 06/22/09 | Cause continued to further order of court. |
| 06/22/09 | ---------------------------------------------------------------------- |
| 06/29/09 | Response to Defendant's Motion to Vacate Judicial Sale filed. (cc) |
| 06/29/09 | ---------------------------------------------------------------------- |
| 06/29/09 | Notice of Filing with Proof of Service by Mail filed. (cc) |
| 06/29/09 | ---------------------------------------------------------------------- |
| 06/30/09 | Plaintiff present by Mr. Reese. Third Party Bidder, |
| 06/30/09 | Karl Muerlott present. |
| 06/30/09 | Cause called for hearing on motion to confirm sale. Sheriff's |

EXHIBIT *A*
Page 3 of 8

| | |
|---|---|
| 06/30/09 | Report of Sale and Distribution on file with Certificate of |
| 06/30/09 | Publication. Receipt of Sale and Certificate of Sale on file. |
| 06/30/09 | Motion allowed. See written order confirming sale on file. |
| 06/30/09 | ------------------------------------------------------------- |
| 07/02/09 | Motion to Vacate. Order Approving Report of Sale and Distribution, |
| 07/02/09 | Order of Possession and Order for in Personam Deficiency filed. (cc) |
| 07/02/09 | ------------------------------------------------------------- |
| 07/02/09 | Defendant Anthony Grason present by Mr. Hopp. |
| 07/02/09 | Cause set for hearing on all pending Motions. |
| 07/02/09 | All pending set for 7/23/2009 at 03:00 in courtroom 6B. |
| 07/02/09 | Defendant to give Notice. |
| 07/02/09 | ------------------------------------------------------------- |
| 07/07/09 | Notice of Hearing on Motion to Vacate Order Approving Report of Sale |
| 07/07/09 | and Distribution, Order of Possession and Order for in Personam |
| 07/07/09 | Deficiency and Other Pending Motions on file as of 7/6/09 with Proof |
| 07/07/09 | of_Service. (cc) |
| 07/07/09 | ------------------------------------------------------------- |
| 07/14/09 | Plaintiff present by Mr. Reese. |
| 07/14/09 | Entry of appearance of Mr. Hopp for Defendant Grason. |
| 07/14/09 | Suggestion of Defendant's bankruptcy. |
| 07/14/09 | On_Court's own Motion, allotment of 7/23/09 is vacated. |
| 07/14/09 | Cause continued to further order of court. |
| 07/14/09 | ------------------------------------------------------------- |
| 10/13/09 | Plaintiff present by Mr. Reese. Defendants present by Mr. Berlin. |
| 10/13/09 | Mr. Muerlot present. Cause set for hearing on all pending matters. |
| 10/13/09 | All pending set for 11/23/2009 at 03:30 in courtroom 6B. |
| 10/13/09 | ------------------------------------------------------------- |
| 10/13/09 | Motion for Ruling on Defendant's Motion, Notice of Motion with Proof |
| 10/13/09 | of_Service filed 10/9/09 (cc) |
| 10/13/09 | ------------------------------------------------------------- |
| 11/19/09 | On_Court's own motion; due to Judge Webber being in Jury trial; |
| 11/19/09 | allotment of 11/23/2009 shall be VACATED. |
| 11/19/09 | Judicial Clerk notified attorney's of record. |
| 11/19/09 | ------------------------------------------------------------- |
| 11/24/09 | Phone communication with the office of Mr. Berlin; cause allotted for |
| 11/24/09 | hearing on all pending matters. Mr. Berlin to notify. |
| 11/24/09 | All pending set for 12/29/2009 at 03:30 in courtroom 6B. |
| 11/24/09 | ------------------------------------------------------------- |
| 12/23/09 | Memorandum in Response to Defendant's Motion to Vacate Order |
| 12/23/09 | Approving Report of Sale and Distribution, Order of Possession and |
| 12/23/09 | Order for in Personam Deficiency filed. (cc) |
| 12/23/09 | ------------------------------------------------------------- |
| 12/29/09 | Plaintiff present by Mr. Reese. Defendant Anthony Grason present |
| 12/29/09 | with counsel, Mr. Berlin. Mr. Muerlot present. |
| 12/29/09 | Cause called for hearing on the Defendant's Motion to Vacate |
| 12/29/09 | Confirmation of Sale and Further Relief. Arguments heard. |
| 12/29/09 | Defendant's Motion to Vacate the Order Confirming Sale and Further |
| 12/29/09 | Relief is denied. |
| 12/29/09 | ------------------------------------------------------------- |
| 12/30/09 | Objection to Confirmation of Sale and Motion to Vacate Judicial Sale |
| 12/30/09 | Pursuant to Automatic Stay of the Bankruptcy Code filed. (cc) |

EXHIBIT *A*

Page ___ of ___

| | |
|---|---|
| 12/30/09 | ----------------------------------------------------------------- |
| 12/30/09 | Affidavit of Gerald I berlin filed. (cc) |
| 12/30/09 | ----------------------------------------------------------------- |
| 01/27/10 | Notice of Appeal filed. (cc) |
| 01/27/10 | ----------------------------------------------------------------- |
| 02/02/10 | Circuit Clerk's Certificate of Mailing filed. (cc) |
| 02/02/10 | ----------------------------------------------------------------- |
| 02/02/10 | Re: appellate court |
| 02/02/10 | Certified Returned Receipts filed. (cc) |
| 02/02/10 | ----------------------------------------------------------------- |
| 02/03/10 | Re: Docketing Fee |
| 02/03/10 | Correspondence from appellate court filed. (cc) |
| 02/03/10 | ----------------------------------------------------------------- |
| 02/17/10 | Re: due date |
| 02/17/10 | Correspondence from appellate court filed. (cc) |
| 02/17/10 | ----------------------------------------------------------------- |
| 03/22/10 | REPORT OF PROCEEDINGS on file, original, of hearings held on June 17, |
| 03/22/10 | 2008, September 30, 2008, March 3, 2009, May 5, 2009, May 26, 2009, |
| 03/22/10 | June 30, 2009, July 14, 2009, October 13, 2009, December 29, 2009 for |
| 03/22/10 | purposes of appeal this date. |
| 03/22/10 | ----------------------------------------------------------------- |
| 03/26/10 | Circuit Clerk's Certificate of Mailing filed. (cc) |
| 03/26/10 | ----------------------------------------------------------------- |
| 03/31/10 | Re:APPELLATE COURT |
| 03/31/10 | Certified Returned Receipts filed. (cc) |
| 03/31/10 | ----------------------------------------------------------------- |
| 04/05/10 | RE: RECEIVED AND FILE 10 VOLUMES |
| 04/05/10 | Correspondence from APPELLATE COURT filed. (cc) |
| 04/05/10 | ----------------------------------------------------------------- |
| 04/25/11 | On_Court's own motion, cause set for status. |
| 04/25/11 | Status hearing set for 5/24/2011 at 02:30 in courtroom 6B. |
| 04/25/11 | CLERK DIRECTED to send a copy of this entry to parties of record. |
| 04/25/11 | ----------------------------------------------------------------- |
| 04/28/11 | Per telephone communication from Fisher & Shapiro, cause allotted |
| 04/28/11 | for hearing on Motion to Vacate Sale. |
| 04/28/11 | Motion/vacate set for 5/24/2011 at 02:30 in courtroom 6B. |
| 04/28/11 | Fisher & Shapiro to give notice. |
| 04/28/11 | ----------------------------------------------------------------- |
| 05/06/11 | Notice of Motion with Proof of Service by Mail filed. (cc) |
| 05/06/11 | ----------------------------------------------------------------- |
| 05/06/11 | Plaintiff's Motion to Vactae Sale, Refund Sale Proceeds and Vacate |
| 05/06/11 | Order Approving Report of Sale and Distribution, Order of Possession |
| 05/06/11 | and Order for in Personam Deficency filed. (cc) |
| 05/06/11 | ----------------------------------------------------------------- |
| 05/13/11 | Motion to Continue Status Hearin and Hearing on Plaintiff's Motion to |
| 05/13/11 | Vacate Sale, Refund Sale Proceeds and Vacate Order Approving Report |
| 05/13/11 | of_Sale and Distribution Order, Order of Possession and Order for in |
| 05/13/11 | Personam Deficency filed. (cc) |
| 05/13/11 | ----------------------------------------------------------------- |
| 05/13/11 | Notice of Hearing filed. (cc) |
| 05/13/11 | ----------------------------------------------------------------- |

EXHIBIT _A_
Page _5_ of _8_

| | |
|---|---|
| 05/13/11 | Affidavit of Service filed. (cc) |
| 05/13/11 | --------------------------------------------------------------------------- |
| 05/17/11 | Defendants Objection of Status Hearing Continuation with Proof of |
| 05/17/11 | Service filed. (cc) |
| 05/17/11 | --------------------------------------------------------------------------- |
| 05/17/11 | Correspondence from APPELLATE COURT filed. (cc) |
| 05/17/11 | --------------------------------------------------------------------------- |
| 05/24/11 | Plaintiff present by Mr. Weatherford. |
| 05/24/11 | Defendant personally present. |
| 05/24/11 | Mr. Merlot present. |
| 05/24/11 | Cause called for hearings on Motions to Continue. |
| 05/24/11 | Motions allowed. Cause allotted for hearing re: time of sale. |
| 05/24/11 | Hearing set for 6/24/2011 at 01:30 in courtroom 6B. |
| 05/24/11 | --------------------------------------------------------------------------- |
| 05/27/11 | Motion to Substitute Presiding Judge with Proof of Service filed. (cc) |
| 05/27/11 | --------------------------------------------------------------------------- |
| 06/01/11 | Per telephone communication from Mr. Grason, cause allotted for |
| 06/01/11 | hearing on Motion to Substitute Presiding Judge. |
| 06/01/11 | Hearing set for 6/24/2011 at 01:30 in courtroom 6B. |
| 06/01/11 | Mr. Grason to send notice. |
| 06/01/11 | --------------------------------------------------------------------------- |
| 06/07/11 | Notice of Filing with Proof of Service by mail filed. (cc) |
| 06/07/11 | --------------------------------------------------------------------------- |
| 06/07/11 | Plaintiff's Amended Motion to Vacate Sale, Refund Sale Proceeds and |
| 06/07/11 | Vacate Order Approving Report of Sale and Distrubution, Order of |
| 06/07/11 | Possession and Order for in Personal Deficiency filed. (cc) |
| 06/07/11 | --------------------------------------------------------------------------- |
| 06/09/11 | Entry of Appearance of GORDON W GATES for KARL MEURLOT with Proof |
| 06/09/11 | of_Service filed. (cc) |
| 06/09/11 | --------------------------------------------------------------------------- |
| 06/10/11 | Response to Defendant's Motion to Substitue Presiding Judge with |
| 06/10/11 | Proof of Service filed. (cc) |
| 06/10/11 | --------------------------------------------------------------------------- |
| 06/17/11 | Notice of Hearing with Proof of Service filed. (cc) |
| 06/17/11 | --------------------------------------------------------------------------- |
| 06/17/11 | Karl E. Meurlot's Brief and Argument on Remand with Proof of Service |
| 06/17/11 | filed. (cc) |
| 06/17/11 | --------------------------------------------------------------------------- |
| 06/24/11 | Plaintiff present with Mr. Herbas. |
| 06/24/11 | Mr. Meurlot present. Mr. Gates present. |
| 06/24/11 | Cause called for hearing on Defendant's Motion to Substitute |
| 06/24/11 | Presiding Judge. Arguments heard. Motion to Substitute is denied. |
| 06/24/11 | Motion by Mr. Grason for a continuance to obtain counsel. |
| 06/24/11 | Objection by Mr. Herbas and Mr. Gray. Motion for continuance is |
| 06/24/11 | denied. Defendant's Rebuttal to Karl E. Meurlot's Brief and |
| 06/24/11 | Argument on Remand on file. |
| 06/24/11 | Cause called for hearing on: |
| 06/24/11 | Plaintiff's Amended Motion to Vacate Sale, Refund Sale Proceeds |
| 06/24/11 | and Vacate Order Approving Report of Sale and Distribution, Order of |
| 06/24/11 | Possession and Order for in Personam Deficiency - Arguments heard. |
| 06/24/11 | Motion denied. |

EXHIBIT

Page _____ of _____

| | |
|---|---|
| 06/24/11 | ------------------------------------------------------------------ |
| 07/05/11 | Notice of Filing with Proof of Service by mail filed. (cc) |
| 07/05/11 | ------------------------------------------------------------------ |
| 07/05/11 | Motion for Entry of an Order Directing Turnover of Funds filed. (cc) |
| 07/05/11 | ------------------------------------------------------------------ |
| 07/08/11 | Per telephone communication, cause allotted for hearing on Motion |
| 07/08/11 | for Entry of an Order Directing Turnover of Funds. |
| 07/08/11 | Hearing set for 7/26/2011 at 09:30 in courtroom 6B. |
| 07/08/11 | Counsel to give notice. |
| 07/08/11 | ------------------------------------------------------------------ |
| 07/11/11 | Notice of Motion with Proof of Service by Mail filed. (cc) |
| 07/11/11 | ------------------------------------------------------------------ |
| 07/21/11 | Notice of Appeal filed. (cc) |
| 07/21/11 | ------------------------------------------------------------------ |
| 07/26/11 | Plaintiff present by Mr. Weatherford. |
| 07/26/11 | No_appearance by any Defendant. |
| 07/26/11 | Cause continued. |
| 07/26/11 | ------------------------------------------------------------------ |
| 09/01/11 | Circuit Clerk's Certificate of Service filed. (cc) |
| 09/01/11 | ------------------------------------------------------------------ |
| 09/01/11 | RE: DOCKETING STATEMENT |
| 09/01/11 | Correspondence from APPELLATE COURT OF ILLINOIS filed. (cc) |
| 09/01/11 | ------------------------------------------------------------------ |
| 09/02/11 | Re: CLERK OF THE APPELLATE COURT |
| 09/02/11 | Certified Returned Receipts filed. (cc) |
| 09/02/11 | ------------------------------------------------------------------ |
| 09/19/11 | RE: DOCKETING ORDER |
| 09/19/11 | Correspondence from APPELLATE COURT OF ILLINOIS filed. (cc) |
| 09/19/11 | ------------------------------------------------------------------ |
| 09/22/11 | REPORT OF PROCEEDINGS, original, of hearings held on June 24, 2011 |
| 09/22/11 | and May 24, 2011 on file for purposes of appeal as of September 21, |
| 09/22/11 | 2011. |
| 09/22/11 | ------------------------------------------------------------------ |
| 10/20/11 | Report of Proceedings with Proof of Service filed. (cc) |
| 10/20/11 | ------------------------------------------------------------------ |
| 10/26/11 | RE: DOCKETING STATEMENT |
| 10/26/11 | Correspondence from APPELLATE COURT OF ILLINOIS filed. (cc) |
| 10/26/11 | ------------------------------------------------------------------ |
| 10/31/11 | Certificate of Service filed. (cc) |
| 10/31/11 | ------------------------------------------------------------------ |
| 11/02/11 | Re: CLERK OF THE APPELLATE COURT |
| 11/02/11 | Certified Returned Receipts filed. (cc) |
| 11/02/11 | ------------------------------------------------------------------ |
| 11/04/11 | RE: received file |
| 11/04/11 | Correspondence from APPELLATE COURT OF ILLINOIS filed. (cc) |
| 11/04/11 | ------------------------------------------------------------------ |
| 12/12/11 | RE: Dismissed |
| 12/12/11 | Correspondence from APPELLATE COURT OF ILLINOIS filed. (cc) |
| 12/12/11 | ------------------------------------------------------------------ |
| 01/17/12 | RE: Mandate |
| 01/17/12 | Correspondence from APPELLATE COURT OF ILLINOIS filed. (cc) |

EXHIBIT
Page ___ of ___

01/17/12          -------------------------------------------------------------------

Top

Copyright © 2012 Macon County, Illinois.  All Rights Reserved.  **Disclaimer   Contact Us**

EXHIBIT A
Page 8 of 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ANTHONY JAMES GRASON | ) | BK. NO. 08-71631 |
| | ) | |
| DEBTOR. | ) | CHAPTER 13 |

## TRUSTEE'S MOTION TO DISMISS PURSUANT TO 11 USC 521(e)(2)(B)

Comes now John H Germeraad, Chapter 13 Trustee, and files his motion to dismiss pursuant to 11 USC 521(e)(2)(A) and shows the following:

1. The Debtor filed his case on July 8, 2008.

2. The Trustee by letter dated July 9, 2008 to the Debtor requested that among other things that he turn over complete copies of the last four years of federal and state income tax returns.

3. Follow up letters were sent on July 30, 2008, August 5, 2008, and August 12, 2008.

4. A 341 meeting was scheduled for August 21, 2008. The Debtor did not appear.

5. No tax returns have been provided to the Trustee by the Debtor.

6. Bankruptcy Code Section 521(e)(2)(A)(i) provides: "The debtor shall provide – not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed…."

7. The Debtor has failed to comply with Section 521 (e)(2)(A)(i).

8. Section 11 USC 521(e)(2)(b) provides that "If the debtor fails to comply with clause (i) or (ii) of subparagraph (A), the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor."

EXHIBIT B
Page 1 of 2

WHEREFORE, the Trustee prays that the case be dismissed pursuant to 11 USC 521(e)(2)(B).

Respectfully submitted,

John H Germeraad, Trustee

/s/ John H Germeraad

Certificate of Service

The undersigned certifies that a copy of this pleading was served either electronically or by mail, from Petersburg, Illinois, on August 22, 2008, on the following:

United States Trustee

Andrew Bourey

Anthony Grason
357 West Decatur
Decatur, IL 62522

/s/ Michele Shafer

John H Germeraad
Chapter 13 Trustee
Post Office Box 257
Petersburg, IL 62675
(217) 632-4346

EXHIBIT B
Page 2 of 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                              )
                                    )
ANTHONY JAMES GRASON                )        BK. NO. 08-71631
                                    )
DEBTOR.                             )        CHAPTER 13

### TRUSTEE'S MOTION TO DISMISS

Comes now John H Germeraad, Chapter 13 Trustee, and files his motion to dismiss this Chapter 13 case, and in support thereof shows the following:

1. Pursuant to 11 USC 109(e) "Only an individual with regular income . . . may be a debtor under chapter 13 of this title." Pursuant to 11 USC 101(30) "The term 'individual with regular income' means individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title, other than a stockbroker or a commodity broker." Pursuant to 11 USC 521(a)(1)(B)(iv), (v), and (vi) the Debtor is required to provide the Trustee with evidence of income. Under 11 USC 521(a)(3) the debtor is to cooperate with the Trustee so that the Trustee can perform his duties under this title. Under Interim Bankruptcy Rule 4002 (a)(2) the Debtor must provide the Trustee with evidence of current income. Under 11 USC 521, Bankruptcy Rule 4002 and Interim Rule 4002 the Debtor must cooperate with the Trustee.

2. The Trustee sent the Debtor a letter dated July 9, 2008, and requested pay stubs for the six months prior to filing the petition and the most recent pay stubs received since the time of the filing of the case. The Trustee also included a checklist asking if self employed to include a profit and loss statement for the previous six months. This is the CMI period.

3. The Debtor did not provide any pay stubs to the Trustee. The Debtor did not provide any profit and loss statement if self-employed. The Debtor did send a photocopy of a check made payable from his father to him dated August 5, 2008, but the photocopy was of a check that had not been negotiated and therefore had no coding in the lower right had corner indicating the negotiation.

4. The Debtor's Chapter 13 case was filed on July 8, 2008. The CMI filed must cover the income the Debtor received during the months January through June 2008. During the 341 meeting held on October 16, 2008, the Debtor stated that he began working for his father again in April 2008. Thus his testimony appears to contradict the CMI that states that he had no income during January through June 2008. Either the Debtor testified falsely or the Debtor has filed a false CMI.

EXHIBIT C
Page _1_ of _2_              21